UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

TACO RICO RESTAURANTS OF FLORIDA, INC.
d/b/a Taco Rico Tex Mex Café at 473 S Tubman Highway, and
DABBY PROPERTIES

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Taco Rico Restaurants of Florida, Inc. doing business as Taco Rico Tex Mex Cafe at 473 S Tubman Highway and Defendant Dabby Properties for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether certain public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Taco Rico Restaurants of Florida, Inc. (also referenced as "Defendant Restaurants of Florida," "operator," lessee" or "co-Defendant") is a Florida for profit corporation.

6. Defendant Dabby Properties, a Florida general partnership (also referenced "lessor," "owner," or "co-Defendant") is the owner of real property located at 455 - 473 South Tubman Highway, Miami Florida 33146. Defendant Dabby Properties' real property is more fully designated as Folio 03-4120-023-0510 and is a commercial property which is built-out as a strip mall which houses a Subway, a check cashing store and the Taco Rico Tex Mex Café (which is the subject of the instant action). The property is referenced throughout as "473 South Tubman Highway."

## FACTS

7. Defendant Dabby Properties leases a portion of its strip mall to co-Defendant Restaurants of Florida (the lessee). The lessee in turn operates its Taco Rico Tex Mex Cafe restaurant within that leased space.

2

8. Taco Rico Tex Mex Cafes are a franchised restaurant concept which serve Texas/Mexican style food and drinks. Each Taco Rico Tex Mex Café is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Taco Rico Tex Mex Cafe at 473 S Tubman Highway which is the subject to this action is also referred to as "Taco Rico Tex Mex Cafe (restaurant)," "Tex Mex Cafe," "restaurant," or "place of public accommodation."

9. Taco Rico Tex Mex Cafe restaurants are a chain of casual Texas/Mexican style restaurants. On information and belief, the Taco Rico Tex Mex Café located at 473 S Tubman Highway is a franchised restaurant as part of the Taco Rico Tex Mex Café chain, As the owner/operator of franchised restaurant open to the public, Defendant Restaurants of Florida is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. Due to the close proximity of the Taco Rico Tex Mex Cafe at 473 S Tubman Highway restaurant to Plaintiff's home, on November 2, 2021 Plaintiff went to the restaurant with the intent of purchasing a Mexican style meal, eating in the dining area located therein and testing the premises for compliance with the ADA/ADAAG.

11. On patronizing the Tex Mex Cafe, Plaintiff had difficulty perambulating in his wheelchair to the restaurant entrance due to the non-compliant parking lot and the non-compliant ramp. Further, while Plaintiff was dining in the restaurant, he was unable to dine in comfort due to the non-compliant dining area and Plaintiff met multiple areas of inaccessibility when he perambulated to and used the restroom.

12.     Due to the multiple areas of non-compliance with the ADA, Plaintiff has been denied full and equal access by the co-Defendants.

13.     While Plaintiff purchased and ate a meal at the Taco Rico Tex Mex Cafe at 473 S Tubman Highway restaurant, Plaintiff left feeling excluded, humiliated and dejected.

14.     Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Taco Rico Tex Mex Cafe at 473 S Tubman Highway restaurant.

15.     On information and belief, Defendant Restaurants of Florida is well aware of the need to provide equal access to individuals with disabilities as it is an entity which operates many franchised Taco Rico Tex Mex Cafe brand restaurants. Defendant Restaurants of Florida's failure to reasonably accommodate individuals with disabilities at its 473 South Tubman Highway restaurant location is/was willful, malicious and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16.     As the owner of a strip mall of which a portion is built out as a restaurant open to the general public, Defendant Dabby Properties is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2). As an investor in commercial property, Defendant Dabby Properties is aware of the ADA and the need to provide for equal access within its community shopping center property. Therefore, Defendant Dabby Properties' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17.     Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Restaurants of

4

Florida) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Dabby Properties).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff is and has been a customer of restaurants which serve Mexican and Tex/Mex style food and continues to desire to return to the Tex Mex Cafe at 473 S Tubman Highway to purchase food and drink/eat in the dining area provided, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Taco Rico Tex Mex Cafe at 473 S Tubman Highway in order to purchase and eat a meal in the dining area provided therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Restaurants of Florida (operator of the Tex Mex Cafe at 473 S Tubman Highway) and Defendant Dabby Properties (owner of the commercial property being operated as a Tex Mex Cafe) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Tex Mex Cafe at 473 S Tubman Highway in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Tex Mex Cafe 473 S Tubman Highway location.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The 473 S Tubman Highway commercial space which is owned by Defendant Dabby Properties which houses the Tex Mex Cafe operated by Defendant Restaurants of Florida is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* as such both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope. Failure to provide accessible means of egress from the parking area to the Tex Mex Cafe due to the slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4

      requires changes in level greater than ½ inch shall be ramped. Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating into the Tex Mex Cafe using the ramp, as the ramp does not provide the required edge protection. Failure to provide edge protection on a ramp is a violation of Section 4.8.7 of the ADAAG and Section 405.9 of the 2010 ADA Standards for Accessible Design. Section 4.8.7 states that ramps and landings with drop-offs shall have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp and that curbs shall be a minimum of 2 in (50 mm) high. Section 405.9 states that edge protection shall be provided on each side of ramp runs and at each side of ramp landings.

iii. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the ramp provided as the ramp bottom landing has an excessive slope. This is a violation of Section 4.8.4 of the ADAAG and Section 405.7 of the 2010 ADA Standards for Accessible Design. Section 4.8.4 states that ramps must have level landings at the bottom and top of each ramp and each ramp run. Further, the landings must be at least as wide as the ramp run leading to it, and the landing

length must be a minimum of 60 in (1525 mm) clear. Section 405.7 states that ramps that change direction between runs at landings shall have a clear landing 60 inches (1525 mm) minimum by 60 inches (1525 mm) minimum.

iv. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the ramp, as the ramp has an excessive slope. The ramp does not provide the required slope as per Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards for Accessible Design. Section 4.8.2 states that the maximum slope of a ramp (new construction) is 1:12 and the maximum rise for any run is 30 in (760 mm). The instant ramp does not meet these slope requirements. Section 405.2 states that ramp runs shall not have a running slope steeper than 1:12 (with certain exceptions, which do not apply in the instant case).

v. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff was unable to sit properly in the dining area of the Tex Mex Cafe and enjoy his food selection due to Defendant's failure to provide seating which is accessible. The seating of the restaurant did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Sections 226 and 902, which requires that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food

        or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

vi. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating from the restaurant to the public restroom, which was located outside of the restaurant and around the corner due to an inaccessible route. The lack of accessible routes are violations of Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403 of the 2010 ADA Standards for Accessible Design. Section 4.3.2(2) and Section 206.2.2 state that at least one accessible route shall connect accessible buildings, accessible facilities, and accessible elements on the same site. Section 4.5 states that ground and floor surfaces along accessible routes, walks, ramps, stairs, and curb ramps shall be stable, firm and slip-resistant. Section 303 states that, if there are changes in level, they must comply with Section 303, which they do not in this instant case. Section 402 states that accessible route walking surfaces shall not have a running slope steeper than 1:20. Section 403 requires walking surfaces to have slopes no steeper than 1:20 and that the clear width of walking surfaces must be a minimum of 36 inches.

vii. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom without assistance, as the restroom door has non-compliant hardware. Failure to provide door hardware which is accessible to the disabled is in violation of the 2010 ADA Standards for Accessible Design which requires that

|      | |
|------|-|
|      | handles pulls and latches must have hardware in a shape that is easy to grasp with one hand as per 28 C.F.R. Part 36 Section 4.13.9 and 2010 ADA Standards for Accessible Design Section 404.2.7 (door hardware must be operable with a closed fist or a loose grip) and §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds). |
| viii. | As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not enter into the restroom without assistance as the door clear width is not provided. The fact that the doorway opening does not have the required clear width is a violation of Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards for Accessible Design. Section 4.13.5 and Section 404.2.3 state that doorways must have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees (as depicted at Figs. 24(a), (b), (c), and (d)). |
| ix. | As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions of the restroom. The non-compliant clear floor space is a violation of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards for Accessible Design. |
| x. | As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance |

         from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

xi.    As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the control is mounted on the wrong side, in violation of Section 4.16.6 which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The none compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory *accessible* compartments complying with Section 604.8.2).

xii.    As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the restroom has no side or rear wall grab bar. The lack of a grab bars is in violation of the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and is in violation Sections 604.5.2 and 609 of the 2010 ADA Standards for Accessible Design.

xiii. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard in the restroom at the sink because the restroom sink does not have wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the pipes are not wrapped.

xiv. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the restroom sink without assistance, as the sink faucet requires tight grasping. This is a violation of Section 4.19.5 of the ADAAG which states that faucets must be within reach range, must be automatic or (if hand operated) operable with one hand without tight grasping, pinching or twisting of the wrist, and require no more than five pounds to activate. This is also a violation of Section 606.4 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 309.4 which states that operable parts (of the sink) must be operable with one hand and not require tight grasping, pinching or twisting of the wrist, and require that the force to operate the parts be five pounds maximum.

xv. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required

location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.  This is also a violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

xvi. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the soap dispenser without assistance, as the soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36.  The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG.  This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

xvii. As to Defendant Restaurants of Florida (lessee/operator) and Defendant Dabby Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not

use the restroom mirror as the mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

30. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Tex Mex Cafe at 473 S Tubman Highway commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Dabby Properties (owner of the commercial property housing the Taco Rico Tex Mex Cafe) and Defendant Taco Rico Restaurants of Florida, Inc. (the operator of the restaurant) and requests the following relief:

    a)     The Court declare that Defendants have violated the ADA;

    b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

  c)  The Court enter an Order requiring Defendants to alter the commercial property and the Tex Mex Café at 473 South Tubman Highway such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

  d)  The Court award reasonable costs and attorneys fees; and

  e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of November 2021.

            Respectfully submitted,

            */s/ J. Courtney Cunningham*
            J. Courtney Cunningham, Esq.
            J. COURTNEY CUNNINGHAM, PLLC
            FBN: 628166
            8950 SW 74th Court, Suite 2201
            Miami, Florida 33156
            Telephone: 305-351-2014
            Email: cc@cunninghampllc.com
            *Counsel for Plaintiff*